**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIRGINIA FRAZIER, | No. 13-55335 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-01147-CAS-DTB |
| v. | |
| DEBORAH K. JOHNSON, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted April 8, 2015[**]
Pasadena, California

Before: KLEINFELD and CLIFTON, Circuit Judges and SEEBORG,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard Seeborg, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Virginia Frazier, a California state prisoner, appeals the district court's denial of her 28 U.S.C. § 2254 habeas corpus petition challenging a five-year sentencing enhancement under California Penal Code § 12022.7(e). We have jurisdiction under 28 U.S.C. § 2253, and we review de novo. Gonzalez v. Knowles, 515 F.3d 1006, 1011 (9th Cir. 2008). We affirm.

Frazier argues that the evidence at trial was insufficient to sustain a finding that she inflicted "great bodily injury under circumstances involving domestic violence in the commission of a felony." Cal. Penal Code § 12022.7(e). The standard of review on a sufficiency-of-evidence claim is "whether, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Gonzalez, 515 F.3d at 1011 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). The state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1).

On direct appeal, the California Court of Appeal rejected Frazier's claim, finding that the evidence that Frazier slashed Guthrie's arm with a knife blade, causing a three-inch gash, which was bleeding profusely when the police arrived

and eventually left him a three-inch scar, and Guthrie's testimony that he and Frazier had been seeing each other on and off for several months and were boyfriend and girlfriend at the time of the attack, were sufficient to sustain the sentencing enhancement.

We conclude that based on these facts a rational trier of fact could have found beyond a reasonable doubt that Frazier inflicted great bodily injury under circumstances involving domestic violence. See Cal. Penal Code § 12022.7(f) (defining "great bodily injury" as "a significant or substantial physical injury"); People v. Jung, 84 Cal. Rptr. 2d 5, 9, 71 Cal. App. 4th 1036, 1042 (Cal. Ct. App. 1999) ("Abrasions, lacerations and bruising can constitute great bodily injury."); Cal. Penal Code § 13700(b) (defining "domestic violence"); People v. Upsher, 66 Cal. Rptr. 3d 481, 490, 155 Cal. App. 4th 1311, 1322–23 (Cal. Ct. App. 2007) (holding that "dating relationship" does not mean serious courtship or lengthy, enduring relationship). The district court properly denied Frazier's habeas corpus petition.

**AFFIRMED.**